IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| A.J-M. | : | |
| | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-378-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| | : | |
| | : | |
|     Respondents. | : | |

## ORDER

Pending before the Court is Petitioner's application for a writ of habeas corpus (ECF No. 1). Petitioner is a native and citizen of Guatemala who entered the United States in 2010 without inspection when he was nineteen years old and has resided here ever since. Pet. ¶ 13, ECF No. 1; Jackson Decl. ¶ 3, ECF No. 7-1. On November 7, 2025, he was taken into United States Immigration and Customs Enforcement ("ICE") custody and has been detained since then. Jackson Decl. ¶¶ 5, 7. Petitioner contends that he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a). Respondents argue that Petitioner is not entitled to a bond hearing because he is detained under 8 U.S.C. § 1225(b)(2), which mandates detention for certain aliens, without an opportunity for a bond hearing.

As Respondents concede, though, the issue presented in this action is identical to the issue the Court decided in *J.A.M. v. Streeval*, No. 4:25-cv-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025). Based on the Court's rationale in *J.A.M.*, the Court

finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). The Court thus grants Petitioner's petition for a writ of habeas corpus to the extent that the Court orders Respondents to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.

**IT IS SO ORDERED**, this 25th day of November, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA